**No. 44261.**—Protest 585614–G of S. Hata Shoten, Ltd. (Honolulu).

Evans, Judge: This is an action against the United States in which the plaintiff seeks to recover money claimed to have been illegally collected as customs duties upon an importation of bean flour. It was assessed by the collector of customs at the port of entry as beans, prepared or preserved in any manner, at 3 cents a pound under paragraph 765, Tariff Act of 1930, and is claimed to be dutiable at 35 per centum ad valorem under paragraph 775 of the same act as vegetables reduced to flour.

The case was originally decided and reported in 1 Cust. Ct. 455, Abstract 39683. We there overruled the claim of the plaintiff for the reason that, although it was agreed that the commodity is the same in all material respects as that passed upon in *Togasaki* v. *United States*, 23 C. C. P. A. 342, T. D. 48197, the record in the last-mentioned case had not been incorporated and there was no evidence to support the claim made.

Upon rehearing the attorney for the plaintiff offered in evidence the record in the *Togasaki* case, *supra*. The Government objected to the incorporation of said record on the ground that the plaintiffs are not the same and there is no proof that the issue is the same. As to the last-named ground for objection we think it is without merit inasmuch as the court can take judicial notice of the fact that the issues are the same in both cases.

The judge hearing the case on circuit held that in order that the record might be incorporated it was unnecessary that the plaintiffs in both actions be the same and granted the motion to incorporate.

Under the circumstances of this case we find no error in this ruling.

The rule of this court, adopted May 29, 1936, providing for incorporation of records in earlier decided cases, is in the following language:

## 23. RECORDS INTRODUCED IN EVIDENCE

When a question involving substantially the same character of merchandise, or involving substantially the same issue, arising by protest, appeal, or petition, is under consideration for decision before a judge or division of this court, and a decision has previously been rendered by this court, the United States Court of Customs and Patent Appeals or the Supreme Court of the United States determining such issue, the record and testimony in such case, including the printed record of the case in the appellate court, may, on consent of the parties or in the discretion of the court, be admitted in evidence in the pending case,   *   *   *.

The court shall not, however, entertain any motion to admit the record in any case unless at least five days' notice of the intention to offer said record in evidence shall have been served upon the opposite party, or unless such notice is waived by the opposing party.

No objection was made on the part of the Government on the ground that notice of intention to offer the record was not served upon it, so we assume that such service was made or that it was waived.

The rule in question was considered by the Court of Customs and Patent Appeals in the case of *United States* v. *Bosca, Reed, MacKinnon Co.*, etc., 24 C. C. P. A. 364, T. D. 48829, and it was there held that it should be construed as being applicable "only in cases where the parties to the pending suit were parties in the previous case, and where the merchandise is substantially the same and the issues are precisely the same, as in the case at bar." On rehearing this

decision was adhered to in 25 C. C. P. A. 42, T. D. 49040. The reason for this construction appears from a reading of the decisions to be that the rule now in effect fails to incorporate within it the right of opposing counsel to reexamine or cross examine any witness whose testimony appeared in the incorporated record. In the instant case that reason does not obtain because there were no witnesses in the *Togasaki* case, *supra*, the record of which is sought to be incorporated herein, the case having been submitted upon an agreement of counsel as to the character of the commodity involved.

We therefore find that the ruling of the judge on circuit, holding that the motion to incorporate the record should be granted, is without error, and we acquiesce in the same.

We also acquiesce in the ruling of the judge on circuit that the record in Abstract 36409 is inadmissible.

The claim of the plaintiff that the merchandise is dutiable at 35 per centum ad valorem under paragraph 775, *supra*, as vegetables reduced to flour is sustained as to the bean flour involved and the protest is overruled in all other respects. The judgment order formerly entered herein is hereby revoked.

It is so ordered.